THE STATE ex rel. JAMES A. WATERWORTH et al. v. A. L. HARTY, Superintendent of Insurance, Appellant.

In Banc, June 25, 1919.

1. **APPEAL: Insurance Rates: Act of 1915.** The Act of 1915, Laws 1915, p. 313, provides by Section 15 thereof that certain "orders and directions" of the Superintendent of Insurance "shall be reviewable by a proper action in the courts," and does not purport to interfere with the existing right of appeal, and is broad enough to permit to the Superintendent an appeal from the judgment of the circuit court increasing by ten per cent all existing fire-insurance rates, contrary to his order refusing to make such increases.

2. **INSURANCE RATES: Admission of Validity of Legislation.** The institution by insurance companies of a suit to compel the Superintendent of Insurance to permit an increase in all existing fire-insurance rates necessarily involves an assumption on their part of the validity of the legislation regulating said rates.

3. ————: **Increase: Legislative in Character.** The power to regulate fire-insurance rates, called into existence by the presence of a public interest, falls within the police power of the State, and is purely legislative in character.

4. ————: ————: **Attitude of Courts.** Legislation looks to the future, and changes existing conditions by making a new rule to be applied thereafter; a judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposedly already in existence.

5. ————: ————: **Power of Court.** Under the Constitution the courts have no power to compel the Superintendent to establish a schedule of fire-insurance rates applicable to future policies. The Legislature has power to fix rates, and the extent of judicial interference is protection against unreasonable rates already fixed by it or by some administrative agency to which the power is delegated.

6. ————: **Constitutionality of Statute: Admitted.** Where the sole purpose of the action is to compel the Superintendent of Insurance to approve proposed increases in fire insurance rates, the point that the statute declaring that existing rates shall not be raised until his approval is obtained, in so far as it attempts to restrict the right of insurance companies to increase their rates, is unconstitutional, is not in the case. The proceeding necessarily assumes the validity of the requirement that the proposed increases must have his approval.

Appeal from Cole Circuit Court.—*Hon. John G. Slate,*
Judge.

REVERSED.

*Frank W. McAllister,* Attorney-General, and *John T. Gose,* Assistant Attorney-General, for appellant.

The State has the absolute power to condition the doing of business in this State by insurance companies or to exclude them at will. Hooper v. California, 155 U. S. 652; New York Life Ins. Co. v. Cravens, 178 U. S. 397; Waters-Pierce v. Oil Co., 177 U. S. 46.

*John S. Leahy* and *Charles G. Revelle* for respondents.

(1) Acts of the General Assembly, Laws 1915, p. 313, unlike the laws relating to the Public Service Commission (Laws 1913, p. 556), contains no provision that the official act of the official shall be reviewable in the Circuit Court "as suits in equity;" nor does it contain any provision providing for an appeal from the decision of the circuit court. Laws 1915, sec. 15, p. 318; Duluth Street Ry. Co. v. Railroad Com., 161 Wis. 271; Chicago, B. & Q. Ry. Co. v. Public Service Com., 266 Mo. 340. (2) This legislation must be construed with reference to its principal purpose to provide for the protection of the public, not only in the matter of the reasonableness of rates, but likewise as regards the continued solvency of the insurers. Ins. Co. v. Welch, 49 Okla. 626; Citizens Ins. Co. v. Clay, 197 Fed. 437; State ex rel. Martin v. Howard, 96 Neb. 293; German Alliance Ins. Co. v. Lewis, 233 U. S. 414; State ex rel. Rhodes v. Public Service Com., 270 Mo. 547, 563. (3) The Rating Act of 1915 is constitutional only if it permits reasonable earnings by the insurance companies. Minn. Ry. Co. v. Minn., 186 U. S. 267; Covington v. Sanford, 164 U. S. 592; Railroad Co. v. Minn., 134 U. S. 418, 33 L. Ed. 979; Ball v. Railway Co., 93 Fed. 516; Atty. Genl. v. Road Co., 55 Pa. St. 466; State v. Railway Co., 46 Neb. 682; Western Union Teleg. Co. v. Com., 74 Miss. 80; State ex rel. v. Pub. Service Com., 270 Mo. 579, 583; Nalley v. Home Ins. Co., 250 Mo. 452.

BLAIR, J.—This is an appeal from a judgment of the Cole County Circuit Court whereby the State Superintendent of Insurance is commanded to permit to be filed and to approve a ten-per-cent increase on all fire insurance rates in force in Missouri. Relators sue in behalf of one hundred and thirty insurance companies in business in Missouri.

The petition was filed in the Circuit Court of Cole County. It alleges, among other things, that (1) relators are authorized under the Act of 1915 to make and file with the Insurance Department of this State rates and charges to be charged by fire insurance companies doing business in Missouri; (2) March 27, 1918, they filed with the Superintendent a schedule of rates "by which they proposed to increase for the companies respresented by them all fire insurance rates in the State of Missouri to the extent of ten per cent" above the rates in force, and "requested (a) the approval of the Superintendent of insurance of such increase in rates and (b) his permission to put the increased rates in force;" (3) that at a time and place designated by the Superintendent, relators, produced proof "which warranted and made necessary said increase . . . and that it thereupon became the duty of the said Superintendent . . . to permit said increase in rates to become effective and operative in Missouri, but that, notwithstanding the premises," the Superintendent rejected the increase and refused to permit it to become effective and still so refuses; (4) relators offer to show that during the five years prior to March 27, 1918, the existing rates were inadequate and that the proposed increase is necessary to pay losses, operating expenses, and discharge lawful obligations; (5) that rates in force are and will be insufficient to cover "legitimate losses and necessary operating expenses" during 1918 and following years, and that unless the proposed increase is permitted the fire companies operating in Missouri must operate at a loss or cease business in the State; (6) that since the war began losses and operating expenses have greatly increased; that about eighty per cent of losses in Missouri are partial losses; that these are measured by cost of replacement, which cost has greatly increased and represents "approximately twenty per cent of the premium income received" by insurers on Missouri risks under existing rates; that taxes, "Federal, State and

municipal," have increased since the war began to an amount about equal to six per cent of the premium income in Missouri under existing rates; that other expenses have increased proportionately, and that the proposed increase of rates is necessary to enable the companies to meet legitimate expenses and pay legal obligations; (7) that during the ten years preceding March 27, 1918, the rates in force have been approximately the same as existing rates, and during that period a loss of "many millions of dollars" has been incurred, and that the rates in force are "confiscatory and result in the taking of the property of the insurance companies without due process of law;" (8) that a motion to set aside the Superintendent's refusal to approve the proposed schedule was filed, and relators offered to adduce convincing proof of the necessity of the proposed increase, but that this motion the Superintendent overruled. This sufficiently epitomizes the allegations of the petition. Its prayer is as follows:

"Whereupon relator prays that in accordance with the laws of the State of Missouri regulating fire insurance rates, this honorable court make an order requiring respondent to certify to this court within five days from the date hereof all books, papers and files relating to or filed in connection with said filing of increased rates and application for approval thereof, together with a copy of his order and finding relating to said proposed increase in rates, and that this honorable court proceed at once to judicially review *de novo* and in all things the said ruling and finding of respondent, and that this honorable court hear the evidence and determine the facts as to the truthfulness of the allegations herein contained, and that upon a final hearing this court order and direct said Superintendent of the Insurance Department to permit said James A. Waterworth and said Harold M. Hess to file and publish said proposed rates and schedule of rates and said proposed increase in rates, and that they and the companies which they represent be authorized and permitted to collect in the

State of Missouri said increased rates, and for such other and further relief as to the court may seem just.''

The answer admits (1) the filing of the proposed increased rates and affidavits in support thereof; (2) the Superintendent's refusal to approve the increase; (3) the filing of ''a motion to reopen the whole matter,'' and (4) the overruling thereof. The answer then denies the remaining allegations and, continuing, avers (1) that appellant's power to approve or disapprove rate increases is a discretionary one and not subject to control by the courts; (2) that the court had no power or jurisdiction ''through a new and independent hearing'' in court to control appellant's action in refusing to approve increased rates after he had heard and acted upon evidence offered; (3) that acquiescence by insurance companies in appellant's action on proposals for increased rates is a condition precedent to their doing business in this State, which condition the Legislature has imposed and the courts cannot ''in an independent investigation'' annul; (4) that appellant has no authority to approve a flat ten-per-cent increase of rates; (5) that within the preceding year a rate increase was approved and sufficient time had not elapsed to authorize the approval of a further increase; (6) that this proceeding is an attempt to compel appellant to act in a particular manner; and (7) that this is an effort to increase insurance rates by action of courts of the State in direct violation of Article III of the Constitution of Missouri.

The matter was referred June 30, 1918. January 6, 1919, the referee filed his report in which he found that the refusal of the Superintendent to grant the increase requested was unreasonable. Exceptions were filed and overruled. The judgment sets out the conclusions of the referee; finds that the action of the Superintendent in refusing to approve the proposed increase was ''unreasonable, erroneous and in derogation to the just rights of the petitioners;'' sets aside the Superintendent's order, and adjudges that relators be per-

mitted to file in the Superintendent's office "the proposed schedule and the said proposed increase of all fire insurance rates in the State of Missouri to the extent of ten per cent over and above the rates now charged and permitted to be charged by the insurance companies in the State of Missouri, and that said A. L. Harty, Superintendent of Insurance of the State of Missouri, approve such filings and increase of rates so filed by said James A. Waterworth and Harold M. Hess, attorneys-in-fact for said insurance companies as aforesaid, and that said increase of rates be and are effective in the State of Missouri forthwith." Then follow the allowances and judgment for costs.

I.   Respondents suggest that the Act of 1915 (Laws 1915, p. 313) under which this proceeding purports to have been begun, does not provide for an appeal from the judgment of the circuit court. Section 15 of that act contains the only provision under which it could be argued relators could maintain this proceeding. That section provides that certain "orders and directions" of the Superintendent "shall be reviewable by a proper action in the courts," etc. The act thus remits complainants to a proper *action*. The act does not purport to interfere with the existing right of appeal in all actions under the general code and contains no language from which any such restriction could be implied. It does not pretend to furnish any complete system of relief which might exclude appeals not provided in the act. The contention cannot be sustained.

*Appeal.*

II. The institution of this proceeding under the Act of 1915 (Laws 1915, p. 313) necessarily involves, on the part of respondents (relators in the circuit court), an assumption of the validity, in principle, of legislation regulating fire insurance rates. The authorities are in general accord upon the question. [German Alliance Ins. Co. v. Kansas, 233 U. S. 389, 189 Fed. 769; Citizens' Ins. Co. v. Clay, 197

*Validity of Legislation.*

Fed. 435; Ins. Co. of North America v. Welch, 49 Okla. l. c. 624, 625; State ex rel. Martin v. Howard, 96 Neb. l. c. 291, et seq.]

III.   Appellant points to many obstacles which he contends intervene between respondents and an affirmance of the judgment in this case.   The first question necessary to be decided is whether the courts have power to compel the approval by appellant of new rates for application to future business.

<span style="float:left">Power of Court.</span>

The Act of 1915 makes reasonableness the test of rates.   Section 5 (p. 315, Laws 1915) provides that rating records ''shall show the rate which such insurers propose to charge and collect, but any insurer   .   .   `. or any actuarial bureau shall be permitted to change or lower its rate or rates whenever it sees fit, provided that rates *shall not be raised* until at least ten days' notice has been given by the insurance company to the Superintendent of Insurance *and his approval obtained.''* (Italics are ours.)   Section 15 provides that during the pendency of an action to review an order, no insurer shall charge a rate in excess of that fixed by the Superintendent.   What respondents seek in this proceeding is a judgment compelling appellant to approve and permit to be put in force new rates constituting a ten-per-cent increase over existing rates.   Article III of the Constitution of this State reads as follows:

''The powers of government shall be divided into three distinct departments—the legislative, executive and judicial—each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this Constitution expressly directed or permitted.''

The power to regulate insurance rates arises out of the same considerations which give origin to

the power to regulate other rates, i. e. the business is affected or "clothed" with a public interest. [German Alliance Ins. Co. v. Kansas, supra.] The power to regulate rates, called into existence by the presence of a public interest, falls within the police power of the State and is purely legislative in character. [State ex rel. v. Public Service Comm., 204 S. W. 497; Interstate Com. Comm. v. Railway, 167 U. S. 1. c. 499, 500, and cases cited.] It is not contended legislative powers can be delegated to or exercised by the courts. The constitutional provision above set forth expressly prohibits it. It *is* insisted that this proceeding involves no violation of the constitutional principle. By the statute under which this suit is brought it is explicitly provided, among other things, that "rates shall not be raised" until prescribed notice has been given to the Superintendent "and his approval obtained." Obviously, the proposed rates are not yet existing and cannot, under the act, become rates at all until the Superintendent's approval has been secured. The approval of the Superintendent is essential to the transformation of the *proposed* rates into *existing* rates. This approval is the final act in the process of making increased fire insurance rates. This final act in the process of rate-making this court is asked to *compel* the Superintendent to perform. "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power. The establishment of a rate is a making of a rule for the future, and, therefore, is an act legislative, not judicial in kind." [Prentis v. Atlantic Coast Line, 211 U. S. 1. c. 226 and cases cited; Interstate Com. Comm. v. Railway, supra.] "The courts are not authorized to revise or change the body of rates imposed by a legislature or commission; they do not determine whether one rate is

preferable to another, or what under all circumstances would be fair and reasonable as between the carriers and the shippers; they do not engage in any mere administrative work,'' but may and should restrain the operation of confiscatory rates. [Reagan v. Farmers' Loan & Trust Co., 154 U. S. l. c. 395.] ''The legislature has power to fix rates, and the extent of judicial interference is protection against unreasonable rates.'' [Chicago & G. T. Ry. Co. v. Wellman, 143 U. S. l. c. 344; Express Cases, 117 U. S. l. c. 28, 29; Traverse City v. Comm., 168 N. W. l. c. 483; City v. Madison G. & E. Co., 129 Wis. 249.] In Prentis v. Atlantic Coast Line, supra, it was said: ''Litigation cannot arise until the moment of legislation is past.'' It is clear from the principles announced in the authorities cited that the courts of this State, under our Constitution, are prohibited from participating in the process of establishing a system or schedule of rates for application to future charges in a business subject to such regulation. Such duties are legislative in character and cannot be conferred upon or usurped by the courts.

It is suggested that so construed the Act of 1915 is unconstitutional, at least in so far as it attempts to restrict the right of insurance companies to increase their rates. This question is not in the case before us. The single purpose of this action is to compel the Superintendent of Insurance to approve the proposed increases. The only possible basis for such a proceeding is the requirement of Section 5 of the Act of 1915, that the increase shall not be effective until it is approved by the Superintendent. This proceeding necessarily assumes the validity of that requirement. If it is invalid, this case has no foundation of any kind. In these circumstances, repondents are not in a position to assail the constitutionality of the statutory provision upon which they made their way into this court. We are, therefore, not called upon to express an opinion upon this question.

IV. There are numerous other questions presented by appellant. These cannot be considered. The facts in the record are such that the powers of the **Other Questions.** courts are not called into action for their consideration or decision.

The judgment is reversed. *Walker, Williams* and *Graves, JJ.,* concur; *Bond, C. J.,* and *Faris, J.,* concur in the result; *Woodson, J.,* not sitting.